**Shahid Muhammad SHAH, Petitioner,**

v.

**Alberto R. GONZALES,[1] Attorney General of the United States, Respondent.**

**Nos. 04–4664–AG(L), 04–5612–AG(CON)NAC.**

United States Court of Appeals, Second Circuit.

Feb. 28, 2006.

---

**1.** Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as a respondent in this case.

H. Raymond Fasano, Madeo & Fasano, New York, New York, for Petitioner.

Gregory A. White, United States Attorney for the Northern District of Ohio, Lynne H. Buck, Assistant United States Attorney, Cleveland, Ohio, for Respondent.

PRESENT: Hon. GUIDO CALABRESI, Hon. SONIA SOTOMAYOR, and Hon. ROBERT A. KATZMANN, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION of this petition for review of the Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Shahid Muhammad Shah, through counsel, petitions for review of (1) the BIA decision affirming an immigration judge's ("IJ") denial of his motion to reopen his final order of removal and (2) the BIA's decision denying his motion to reconsider. In his brief, however, Shah challenges only the denial of his motion to reopen. We assume the parties' familiarity with the underlying facts and procedural history.

Where, as here, the BIA affirms the decision of the IJ without opinion, this Court reviews the decision of the IJ directly. *See, e.g., Twum v. INS*, 411 F.3d 54, 58 (2d Cir.2005). This Court reviews the denial of a motion to reopen for abuse of discretion. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir.2005) (per curiam). An abuse of discretion may be found where the BIA's decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner. *See, e.g., Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 93 (2d Cir.2001).

Under the relevant regulations, a motion to reopen will not be granted unless the movant proves that the evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing. 8 C.F.R. § 1003.2(c)(1). Motions to reopen requesting the opportunity to apply for discretionary relief will only be granted if the basis for the relief did not arise until after the hearing, unless it appears that the alien was not informed of the right to apply for such relief or afforded an opportunity to apply for it. *Id.* Although the circumstances upon which Shah relies in his motion to reopen did not arise until after he had conceded removal and accepted volun-

**612**

tary departure, the IJ did not abuse his discretion when he determined that Shah failed to prove that country conditions had changed in Pakistan so as to justify re-opening his removal proceedings.

Shah submitted evidence that there were two assassination attempts against the president of Pakistan, but the documents do not describe changed country conditions for individuals with "western" beliefs, to any extent necessary to justify a motion to reopen. Shah also argued that the arrest and capture of Saddam Hussein affected country conditions in Pakistan, but he did not explain to the BIA how this was the case. On appeal, Shah argues that the IJ did not consider all of his evidence, but this argument lacks merit because an IJ is not required to address specifically each piece of evidence, so long as he or she makes adequate findings to support the decision. *Xiao Ji Chen v. U.S. Dep't of Justice*, 434 F.3d 144, 163 (2d Cir.2006). Based on the evidence submitted with Shah's motion, the IJ did not abuse his discretion when he determined that Shah failed to prove changed country conditions in Pakistan justifying the re-opening of his proceedings.

Accordingly, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).